EnergyNorth v. Century, et al.      CV-97-064-M    03/08/00
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.,
      Plaintiff

      v.                                    Civil No. 97-64-M
                                            Opinion No. 2000 DNH 063
Century Indemnity Company;
Indemnity Insurance Company of North America;
Insurance Company of North America;
Lloyd's Underwriters of London;
St. Paul Fire & Marine Insurance Co.;
Utica Mutual Insurance Company; and
Westport Insurance Corporation,
      Defendants


                         **O R D E R**


      Defendant Utica Mutual Insurance Company's ("Utica") motion

to compel disclosure of settlement amounts (document no. 218) is

granted.

      Defendant Utica asserts, and Plaintiff EnergyNorth Natural

Gas, Inc. ("EnergyNorth") does not contest, that EnergyNorth has

capped its liability in the underlying suit at $4,200,000.  Utica

also asserts that it is interested in participating in a

meaningful mediation process and to do so must know what

plaintiff's remaining liabilities are (if it is to negotiate in good faith and fairly, its own contribution to the settlement of this matter, presumably up to the policy limits). That is, it needs to know what plaintiff knows – how much plaintiff is obligated to pay and how much of that is already covered by other settling insurers.

Plaintiff offers no real objection to disclosure, beyond saying that the settling parties desire to keep their arrangements confidential (no cognizable privilege applies). But that is not a valid reason for opposing disclosure. Bennett v. La Pere, 112 F.R.D. 136 (D.R.I. 1986). Besides, the "full terms of relevant settlements among all parties will likely afford [assistance] in the [settlement] negotiation process." Id., at 140.

## Conclusion

Defendant Utica's motion to compel disclosure of settlement amounts (document no. 218) is granted. Plaintiff shall disclose the amounts received in settlement from co-defendant insurers

2

(but need not identify particular settlement amounts with particular settling insurers) within ten (10) days of the date of this order.  Defendant Utica's counsel shall keep that information confidential, may use it only for purposes of this litigation, and may disclose it only to representatives of Utica engaged in this litigation, and to counsel for remaining co-defendants subject to the same restrictions.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 8, 2000

cc:  Bruce W. Felmly, Esq.
     Emily G. Rice, Esq.
     Paul A. Leodori, Esq.
     Doreen F. Connor, Esq.
     John A. Guarascio, Esq.
     Michael F. Aylward, Esq.
     Kimball A. Lane, Esq.
     George w. Lindh, Esq.